# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Jack L. Papandreou,                                            Civil No. 10-1992 JRT/AJB

                Petitioner,

v.

                                       **REPORT AND RECOMMENDATION**

Scott P. Fisher, Warden,

                Respondent.

      This matter is before the Court, Chief Magistrate Judge Arthur J. Boylan, on Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Docket No. 1].  The action has been referred to the magistrate judge for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(a).  Petitioner Jack L. Papandreou is a federal prisoner presently incarcerated at the Federal Prison Camp at Terre Haute, Indiana.[1]  In his petition the prisoner seeks an order requiring the Bureau of Prisons (BOP) to give him credit for approximately six months spent in jail while awaiting trial on both federal and state charges.  He was sentenced to a 210-month federal sentence, to be followed by five years supervised release, on a conviction in the Eastern District of Wisconsin for conspiracy to distribute and possession with intent to distribute five kilograms of cocaine, marijuana, and ecstacy.  Based upon the 210-month sentence, his projected release date would be May 29, 2018, with good time credit.[2]  Meanwhile, the petitioner is also serving a concurrent Illinois state sentence on drug related charges.  The respondent opposes the

---

[1]  Petitioner was incarcerated at FCI-Sandstone, Minnesota when he filed the petition in this case.

[2]  The projected released date is recited as stated in the government's response dated June 9, 2010.

petition, asserting that the prisoner's sentence has been lawfully calculated and that Mr.

Papandreou is seeking allowance for pre-sentence time for which he is not entitled to federal

credit.  Specifically, respondent contends that the time period from August 16, 2002, through

February 27, 2003, for which the petitioner seeks credit, was applied to his state sentence, and

allowing such credit on the federal sentence would be granting double credit in violation of 18

U.S.C. § 3585(b).

The government expressly acknowledges that the warden is the correctly named

respondent in this action;[3] the court has jurisdiction under 28 U.S.C. § 2241 because the

petitioner is challenging the fact or duration of his detention and has exhausted administrative

remedies;[4] and venue is appropriate because FCI-Sandstone is in the District of Minnesota,

petitioner's location at the time the petition was filed.  The petitioner has submitted a reply to the

respondent's return.

## Background and Claims

Petitioner Jack L. Papandreou was committed to the custody of the BOP to serve

a 210-month term of confinement and five years supervised release on July 22, 2004.[5]  The

judgment provided that the sentence was to run concurrent to a sentence imposed in Lake

County, Illinois, Case No. 02CF3070.[6]  Mr. Papandreou was initially arrested and placed into

---

[3] The warden at FPC-Terre Haute, the petitioner's current custodian, is now the appropriate respondent.  Proper identification of the respondent is not material to the discussion on the merits of the claims in this case.

[4] Gov't Resp. 6-7.

[5] Decl. of John A. Farrar, ¶¶ 3 and 9, Attach. 5; Decl. of Jack L. Papandreou, Ex. 11-12.

[6] Id.

state custody on August 16, 2002, on drug charges.[7]  On August 20, 2002, he was named a

defendant on federal drug conspiracy charges in a superseding indictment in the Eastern District

of Wisconsin.[8]  The petitioner was obtained by the U.S. Marshals Service pursuant to a federal

writ for his appearance in federal court in Wisconsin on October 9, 2002, and he was returned to

jail in Lake County, Illinois on October 17, 2002.[9]  Lake County authorities released Mr.

Papandreou on bond from primary state custody on February 27, 2003, but he remained in state

physical custody pursuant to a federal detainer.[10]  The U.S. Marshals Service took physical

custody of the petitioner on March 19, 2003.[11]  He was returned to Illinois state custody on

August 6, 2003,[12] and on August 8, 2003, Mr. Papandreou was sentenced to a 20-year prison

term on the state drug charges.[13]  The Illinois sentencing judgment provided that the defendant

be given credit on the state sentence for 357 days already served and further stated that the state

sentence was to run concurrent to his anticipated federal sentence.[14]  Mr. Papandreou was given

his 210-month federal sentence in the Eastern District of Wisconsin on July 22, 2004.[15]  The

---

[7] Decl. of John A. Farrar, ¶ 4, Attach. 1.

[8] Decl. of Jack L. Papandreou, Ex. page 13.

[9] Decl. of John A. Farrar, ¶ 6, Attach. 3.  Decl. of Jack L. Papandreou, Ex. 16.

[10] Decl. of John A. Farrar, ¶ 7, Attach. 10.

[11] Id., Attach. 3.

[12] Id.

[13] Decl. of Jack L. Papandreou, Ex. 1-3.

[14] Id., Ex. 3.

[15] Decl. of John A. Farrar, ¶ 9, Attach. 5.

federal sentencing judgment correspondingly stated that the sentence was to run concurrent to the Lake County, Illinois, sentence.[16]

In computing sentencing credit for time spent in custody prior to federal sentencing on July 22, 2004, the BOP declined to credit the time between August 16, 2002, and February 27, 2003 (195 days)[17] to Mr. Papandreou's federal sentence because that time fell within the 357 days that had been credited to the Illinois state sentence as time already served.[18] The petitioner was allowed federal credit for 510 days from February 28, 2003, through July 21, 2004, during which time he was subject to a federal detainer but was on bond in the state case.[19] The BOP also considered whether the defendant had failed to receive credit on his state sentence for any prior custody time to which he would be entitled to federal credit under Willis v. United States, 449 F.2d 923 (5th Cir. 1971),[20] and determined that no such time credits applied.

Mr. Papandreou now contends that circumstances relating to the state sentencing establish that the 195 days at issue had not been credited to the state sentence prior to federal sentencing and therefore, under 18 U.S.C. § 3585(b), he is entitled to federal credit for that time. In that regard, the petitioner states that his bond on the state charges was dramatically increased on August 20, 2002, only four days after his arrest on state charges, because a federal detainer was issued on August 20, 2002, based upon a sealed federal indictment returned on that date.

---

[16] Decl. of John A. Farrar, ¶ 9, Attach. 5.

[17] The petitioner incorrectly states that this time duration is 191 days.  Pet. at 4, 12.

[18] Decl. of John A. Farrar, ¶ 11.

[19] Id., ¶ 12, Attach. 7.

[20] Id., ¶ 15, Attach. 12 and 13.

4

Papandreou indicates that the federal indictment was unsealed on September 13, 2002, and a federal arrest warrant was issued on that date.[21]  Petitioner argues that he was essentially in primary federal custody after August 20, 2002, because an effective tenfold increase in his state bail, from $750,000 court bond to a $750,000 cash bond, prevented him from making bail, and the bond increase was the result of the federal charges made on the indictment date, along with request by the United States Attorney's Office that efforts be made to prevent him from making bail before the superseding indictment was unsealed.  Assuming he had made bail on state charges as he had intended based upon the original bond amount, he would not have been in primary state custody and his detention as of August 16, 2002, should therefore be credited to the federal sentence as a matter of equity under <u>Jake v. Herschberger</u>, 173 F.3d 1059 (7th Cir. 1999).

In addition, the petitioner argues that, despite his having been sentenced on state charges before being sentenced on federal offenses, the state sentence was not actually calculated, and state custody for sentencing purposes was therefore not declared, until January 15, 2005, after BOP sentencing calculations had been made.  Finally, petitioner alleges that he is entitled to federal credit for the time at issue pursuant to BOP Program Statement 5880.30,[22] providing for constructive federal custody when time in non-federal custody is based on charges that later resulted in a federal sentence on essentially the same offense.

------

[21]  Mem. in Support of Sec. 2241 Appl., page 2.  The docket report for the criminal action in the Eastern District of Wisconsin, Criminal No. 02-75, indicates that Mr. Papandreou was charged in a sealed superseding indictment that was returned on August 20, 2002, and was unsealed on September 13, 2002.  Decl. of Jack L. Papandreou, Ex. 13.

[22]  Pet., Ex. 23.

**Discussion**

       **18 U.S.C. § 3585(b).**  Petitioner Jack Papandreou's federal sentence in the

Eastern District of Wisconsin commenced on July 22, 2004. Pursuant to the express language of

18 U.S.C. § 3585(b),[23] a federal defendant is not entitled to credit for pre-sentencing detention

time that has been applied to another sentence.  Consequently, a defendant cannot be awarded

double sentencing credit for the same time period.  United States v. Kramer, 12 F.3d 130, 132

(8th Cir. 1993); Singleton v. Hollingsworth, 2006 WL 2067761 (D. Minn., July 24, 2006)(citing

United States v. Wilson, 503 U.S. 329, 337 (1992)).  In the present instance Mr. Papandreou

insists that he should be given credit on his federal sentence for 195 days between August 16,

2002, and February 27, 2003, but he does not allege that he was not given credit on his Illinois

state sentence for the same time period.  Therefore, he is seeking double credit for that time.[24]

---

[23]  18 U.S.C. § 3585(b) provides:
      —A defendant shall be given credit toward the service of a term of imprisonment
for any time he has spent in official detention prior to the date the sentence commences—
        (1) as a result of the offense for which the sentence was imposed; or
        (2) as a result of any other charge for which the defendant was arrested after the
        commission of the offense for which the sentence was imposed;
that has not been credited against another sentence.

[24]  Petitioner's administrative appeals were based upon a factual contention that the
federal sentencing preceded the Illinois state sentencing as the result of a January 26, 2005, letter
to FCI-McKean, PA., from an official with the Illinois Department of Corrections seeking
materials and information regarding Mr. Papandreou's federal sentence for purposes of insuring
proper disposition regarding the concurrent sentencing.  Pet. Ex. 3.  Based upon his assertion that
the federal sentencing occurred first, the prisoner argues that the time from August 16, 2002, to
February 27, 2003, should be credited to his federal sentence.  Pet. Ex. 9.  Papandreou's effort to
characterized the January 26, 2005, letter as a legally significant computation of state sentencing
is unavailing.  His state sentence was determined and imposed on August 8, 2003, prior to
federal sentencing on July 22, 2004.  Decl. of Jack Papandreou, Ex. 1-3.

The language of 18 U.S.C. § 3585(b) clearly states Congress' intent that a defendant be precluded from receiving double credit for detention time, and under the statute a prisoner cannot be given federal credit for time that has already been credited to another sentence.  Singleton v. Hollingsworth, 2006 WL 2067761 at *4 (citing Wilson at 334, 337).  To the extent that the prisoner relies upon a convoluted and highly strained argument for federal credit as a matter of equity under reasoning he gleans from Jake v. Herschberger, 173 F.3d 1059,[25] his position is contrary to 18 U.S.C. § 3585(b).

Finally, the federal sentencing judge can order that the prisoner be awarded credit on a federal sentence for time served on a state sentence when the two sentences are served at the same time and the federal sentencing judge has ordered that the two sentences run concurrently.  Singleton v. Hollingsworth, 2006 WL 2067761 at *1.  However, even under those circumstances the court cannot contravene the statutory directives of 18 U.S.C. § 3585(b) as assigned to the BOP and therefore cannot order that the defendant receive credit toward his federal sentence for time already served on the state sentence.  Id. at *5.  Consequently, the court cannot overrule BOP authority and order that petitioner receive retroactive or concurrent sentencing through *nunc pro tunc* designation.[26]  See  Barden v. Keohane, 921 F.2d 476, 478 (3rd Cir. 1990) (the

---

[25]  Pet. Mem., Claim 2, pp 8-11.

[26]  Petitioner has not specifically asserted that he is entitled to day-for-day concurrent sentencing on this state and federal sentences pursuant to the intent of the federal sentencing court, nor could he effectively make such a claim.  Indeed, the sentencing judgment from the Eastern District of Wisconsin, dated August 26, 2004, specifically states that the federal sentencing is to run concurrent with the sentence imposed in Lake County, Illinois, but further provides that credit for time served, if any, is to be determined by the BOP.  Decl. of John A. Farrar, Attach. 5.  The record further indicated that the petitioner sought relief from the federal sentencing court, but was referred to the BOP for matters of sentence computation.  Pet. Ex. 12.

BOP has the authority to make a *nunc pro tunc*, i.e. "now for then," designation, and has an obligation to review such a prisoner's request for such designation, though the manner is which the authority is exercised is discretionary).

> **Program Statement 5880.30.**  Mr. Papandreou further makes the conclusory allegation that he should be allowed federal credit for the time at issue based upon constructive federal custody under prescribed circumstances pursuant to BOP Program Statement 5880.30.[27] PS 5880.30 applies when non-federal and federal pre-sentence custody are the result of essentially the same charges, or factors such as time, location and the actual criminal offense at issue in both the state and federal proceedings are identical.  The record in this matter indicates that the Illinois state charges and the Wisconsin federal charges involved drugs in both instances and may have been the product of a joint state and federal task force investigation,[28] but there is no evidence in the record to establish that Mr. Papandreou was sentenced on essentially the same criminal act(s) in state and federal court.  Furthermore, there is no indication in the record that this claim has been administratively exhausted.  The court finds no grounds on which to base the application of PS 5880.30 in this matter.

## Evidentiary Hearing

> In his reply memorandum the petitioner contends that an evidentiary hearing should be held to address a material fact dispute regarding the issue of whether he was in primary federal or primary state custody from August 16, 2002, to February 27, 2003.  The government argues that an evidentiary hearing is unnecessary because the relevant facts are not

---

[27]  Pet. at 11, Ex. 23; Reply at 5.

[28]  Pet. Ex. 12.

in dispute and the matter can be decided on facts presently in the record.  The government's position is correct.  The petition has not identified any discrete factual dispute upon which the decision in this matter rests and the facts that are in the record are sufficient to make the determination as to primary custody and the application of pertinent law, specifically 18 U.S.C. § 3585(b).  See Goshay v. Fondren, 2009 WL 490015 at *4 (D.Minn., February 26, 2009) (evidentiary hearing not required on review of BOP application of policy and federal regulations regarding sentence computation) (citing Ruiz v. Norris, 71 F.3d 1404, 1406 (8th Cir. 1995)).  Petitioner's request for evidentiary hearing should be denied.

Based upon the foregoing discussion, along with the petition, memorandums, declarations, and exhibits, the magistrate judge makes the following:

### RECOMMENDATION

It is **Hereby Recommended** that petitioner Jack L. Papandreou's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 be **denied** [Docket No. 1] and that this action be **dismissed** with prejudice.  Petitioner request for an evidentiary hearing is **denied**.


Dated:     September 13, 2011

           s/Arthur J. Boylan
           Arthur J. Boylan
           United States Chief Magistrate Judge


Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. Written objections shall be filed with the Clerk of Court and served upon opposing parties before September 28, 2011.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.